# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

STEVEN BROCKERMAN, on behalf of himself and all others similarly situated, , Plaintiff,

v.

COLLEGE ASSIST _____ , Defendant(s).

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
### (Telephone Consumer Protection Act)

Plaintiff Steven Brockerman ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of College Assist ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of

California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in Colorado state. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the District of Colorado pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of Colorado.

## PARTIES

4. Plaintiff, Steven Brockerman ("Plaintiff"), is a natural person residing at 2711 North Halifax Avenue, Unit 189, Daytona Beach, Florida 32118, and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5. Defendant, College Assist ("Defendant"), is a nationwide company located at 3015 South Parker Road, Suite 400, Aurora, CA 80014 with an emphasis on default prevention for students and is a "person" as defined by *47 U.S.C. § 153 (10)*.

## FACTUAL ALLEGATIONS

6. Beginning in or around July 2015, Defendant contacted Plaintiff on his cellular telephone, ending in 5041, in an attempt to collect an alleged outstanding debt that Plaintiff had already paid.

7.     On or about July 7, 2015, Defendant placed a robo-call to Plaintiff at 6:15p.m. from telephone number 800-777-5626.

8.     On or about July 8, 2015, Defendant placed a robo-call to Plaintiff at 7:38p.m. from telephone number 800-777-5626.

9.     Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect the debt allegedly owed by him.

10.    Defendant left a voicemail message on Plaintiff's cellular telephone when Plaintiff did not answer Defendant's calls. In this message, Defendant utilized an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*.

11.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

13.    Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

14.    Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

>All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

15. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

16. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

17. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

18. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their

cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

19. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any collection call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

20. As a person that received numerous collection calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

21. Plaintiff will fairly and adequately protect the interests of the members of The

Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

22. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

23. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

24. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

**FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

25. Plaintiff repeats and incorporates by reference into this cause of action the

allegations set forth above at Paragraphs 1-24.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

27. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

28. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

31. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

32. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

Dated: July 29, 2015         LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                             By:   /s/ Todd M. Friedman
                                   Todd M. Friedman
                                   Law Offices of Todd M. Friedman
                                   324 S. Beverly Dr., #725
                                   Beverly Hills, CA 90212
                                   Phone: 877-206-4741
                                   Fax: 866-633-0228
                                   E-mail:tfriedman@attorneysforconsumers.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, Steven Brockerman, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint in not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. §1746(2), I, STEVEN BROCKERMAN, hereby declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATE: 07-28-15

STEVEN BROCKERMAN